LAVOICE *v*. DELONEY.

Opinion delivered October 20, 1924.

1. LANDLORD AND TENANT—DISPOSITION OF CROP BY LANDLORD—INSTRUCTION.—Where a landlord, holding a mortgage on his tenant's crops, agreed to hold the cotton crop until the market recovered, or until both parties should decide it best to sell, in an action by the landlord to foreclose the mortgage, in which the tenant filed a cross-bill claiming damages by reason of the landlord's failure to sell the cotton at a good price when requested to do so, an instruction ignoring the contract as to disposition of the cotton and permitting the jury to find the value of the crop in its own way was erroneous.

2. MORTGAGES—DUTY OF MORTGAGEE TO SELL AT HIGHEST PRICE.—Where a landlord, holding a mortgage on the tenant's crops, agreed to hold the tenant's cotton until the market price recovered,

or until both parties should decide to sell, such agreement did not obligate the landlord to sell at the highest price offered, irrepective of whether the offer would bring enough to pay his debt.

Appeal from Little River Circuit Court; *Ben E. Isbell,* Judge; reversed.

*Otis Gilleylen,* for appellant.

It is conceded that appellant was lawfully in possession of the cotton. If therefore he was guilty of conversion, the measure of damages was the market price of the cotton at the time of sale, less the amount of the mortgage debt, and also less the amount of rents due appellant. 126 Ark. 554; 51 Ark. 19; 144 Ark. 547; 128 Ark. 232.

HUMPHREYS, J. This is an appeal from a judgment in favor of appellees against appellant in the circuit court of Little River County growing out of a rental contract. Appellant was the landlord and appellees the tenants. The latter part of 1920 appellant leased a plantation in said county to appellees for the years 1921, 1922 and 1923, at a yearly rental of $3,300. Early in the year 1921 he furnished them corn to the value of $600, and took an interest-bearing note for same, payable in the fall. On April 1, 1921, he advanced them $800 in cash and took an interest-bearing note for same, due November 15, 1921. For the purpose of securing this note and all other indebtedness which was then due or might become due, appellees executed a chattel mortgage to appellant, covering the crops to be raised on the plantation and ten mules which appellees owned and were using in cultivating the place. A little later on appellant advanced appellees another $100, for which he took two interest-bearing notes in the sum of $50 each, payable in the fall. Appellant also advanced a small amount to appellees to pay cotton pickers. On November 29, 1921, the three-years' lease was canceled, appellant agreeing, in consideration of the termination of the lease, to reduce the rent to $2,500 for the year 1921, to buy at least 1,600 bushels of corn from appellee, with an option to buy more, at fifty-five cents per bushel, for

enough to pay the $600 note, and sixty cents per bushel for the balance, and to hold the cotton which had not been sold until the market recovered, or until both parties should decide it best to sell, but in no event to hold same longer than January 1, 1922.

Appellees introduced testimony tending to show that, after the contract of cancellation had been executed, the market price of cotton recovered, and that they were offered twenty-three cents per pound for the whole lot of cotton; that they requested appellant to accept the offer, but he declined to do so, and, in December, sold it at a much lower price, without their knowledge or consent, and to their damage in a large sum.

Appellant introduced testimony tending to show that no such offer was made and refused, and that he sold the cotton for the best price obtainable in the market.

After selling the cotton and applying the proceeds thereof and accounting for the value of 2,000 bushels of corn at the price specified in the cancellation contract, appellant brought this suit to foreclose the chattel mortgage against the mules, to pay the $800 note and other indebtedness which he claimed appellees owed him.

Appellees filed an answer pleading payment, and a cross-bill claiming that appellant had received 2,800 bushels of corn instead of 2,000 bushels, and had damaged them in a large sum by refusing to sell the cotton at twenty-three cents per pound when requested to do so.

Appellant filed an answer denying the material allegations of the cross-bill.

The cause was submitted upon the pleadings, the testimony introduced by the parties and the instructions given by the court, which resulted in a verdict and judgment in favor of appellees for $510.45.

The first contention of appellant for a reversal of the judgment is that, under the most favorable interpretation which can be given the testimony, under any conceivable theory of the case, appellees would not have been entitled to a judgment of more than $251.09. We deem it unnecessary to outline and analyze the testi-

mony, as the judgment must be reversed on account of erroneous instructions given by the court.

Appellant next contends that the court erred in giving instruction No. 3 requested by appellees, which is as follows:

"The court further instructs the jury that, if they find from a preponderance of the evidence that the defendants turned over to plaintiff the cotton raised by them on plaintiff's place during the year 1921, it would devolve upon the plaintiff to account to the defendants for the value of said crop."

This instruction wholly ignored the contract entered into between the parties for the disposition of the cotton, and permitted the jury to ascertain and determine the value of the crop in its own way.

Appellant next contends that the court erred in giving instruction No. 4, requested by appellees, which is as follows: "The court instructs the jury that, if they find from a preponderance of the evidence that the plaintiff, having taken possession of said cotton, refused to let defendants sell the same for the highest price, if you find defendants were offered the highest price, and afterwards, without defendant's consent, sold the said cotton for a price less than the highest price, then the plaintiff would be liable to defendant for the loss sustained by reason of plaintiff's selling same for less than the highest price."

The contract for the sale of the property did not impose upon appellant a duty to sell the cotton at the highest price which might prevail between November 29, 1921, and January 1, 1922. It only imposed a duty upon appellant to hold the cotton until the market improved or until both parties should decide it was best to sell same. Of course, if appellees received an offer which would be sufficient to pay their entire indebtedness to appellant, then it would have been appellant's duty to sell it, irrespective of the contract, because he could have no interest in the cotton, either under the contract or under his chattel mortgage, beyond an amount sufficient

to pay what appellees owed him. If the instruction had contained such a proviso, then it would have declared the law applicable to the case, but, as written, it imposed an absolute duty upon appellant to sell the cotton at twenty-three cents per pound if such an offer was received and such a request was made upon him to sell same, irrespective of whether it would bring enough to pay his debt. If it would not have brought enough to pay the entire indebtedness then due him, he would have been entitled, under the contract, to hold same for a higher price.

Appellant's last contention is that the court erred in giving instruction No. 5, requested by appellee, which is as follows: "The jury are instructed that, if they find from a preponderance of the evidence that plaintiff has received in money or property, or because of the loss in selling cotton for less than the highest price, as herein defined, and the money or property and loss amounts to more than the notes and interest sued on herein, you will find for defendants for such excess, if you find there is an excess."

This instruction would have been correct if the highest price of the cotton mentioned therein had been properly defined in instruction No. 4. As said in discussing instruction No. 4, appellant was not required, under the contract, to hold and sell the cotton at the highest price obtainable, unless it would have sold for enough at such price to pay his entire indebtedness.

On account of the errors indicated the judgment is reversed, and the cause is remanded for a new trial.